# IN THE COURT OF APPEALS OF IOWA

No. 18-0453
Filed March 20, 2019

**MARQUIS BRUMFIELD,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

Marquis Brumfield appeals from the denial of his application for postconviction relief. **AFFIRMED.**

Mathew D. Zinkula of Booth Law Firm, Osceola, for appellant.

Thomas J. Miller, Attorney General, and Katie K. Krickbaum, Assistant Attorney General, for appellee State.

Considered by Vogel, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

Following the stop and search of a vehicle, the State charged Marquis Brumfield with drug-related crimes. Brumfield moved to suppress the drug evidence. The district court denied the motion after finding the vehicle search "was valid as a consented-to search." Brumfield pled guilty to possession of methamphetamine with intent to deliver. *See* Iowa Code § 124.401(1)(c) (2014). The district court accepted the plea and subsequently imposed judgment and sentence.

Brumfield applied for postconviction relief, alleging in part that his attorney was ineffective in failing to investigate all potential grounds for a suppression motion. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring a showing of (1) counsel's deficient performance and (2) resulting prejudice). Following an evidentiary hearing, the postconviction court found counsel breached an essential duty in failing to argue that Brumfield's consent to the vehicle search was involuntary under *State v. Pals*, 805 N.W.2d 767, 782–84 (Iowa 2011). On the prejudice element, the court found officers could have searched the vehicle without a warrant based on the automobile exception to the warrant requirement. Accordingly, the court said, "The Defendant [could] not show that the result of the hearing or his case would have been different." The court denied the postconviction-relief application.

On appeal, Brumfield again asserts counsel was ineffective in failing to challenge the voluntariness of his consent and in failing "to investigate and argue that the automobile exception to the warrant requirement did not apply." We assume without deciding that the postconviction court correctly analyzed the

consent issue and correctly found a breach of an essential duty with respect to that issue. We proceed to the court's discussion of the automobile exception.

In 2017, the Iowa Supreme Court considered a challenge to the continued viability of the automobile exception. *See State v. Storm*, 898 N.W.2d 140, 141 (Iowa 2017). The court elected to retain the exception. *Id.* at 156.

Although *Storm* was decided after Brumfield's suppression proceedings, the opinion simply reaffirmed Iowa's enduring recognition of the exception. Then, as now, the exception was an available basis for upholding the vehicle search. For that reason, we are not persuaded by Brumfield's suggestion that counsel breached an essential duty in "fail[ing] to argue the inapplicability of the automobile exception to the warrant requirement." *See Ortiz v. State*, No. 16-0441, 2016 WL 6902817, at *4 (Iowa Ct. App. Nov. 23, 2016) (stating "there is no duty to challenge longstanding case law" recognizing the automobile exception to the warrant requirement). We next consider whether the exception applied to the facts of Brumfield's case.

The automobile exception to the warrant requirement applies "when probable cause and exigent circumstances exist at the time the car is stopped by police." *Storm*, 898 N.W.2d at 145 (citation omitted). "Probable cause exists to search a vehicle 'when the facts and circumstances would lead a reasonably prudent person to believe that the vehicle contains contraband.'" *State v. Hoskins*, 711 N.W.2d 720, 726 (Iowa 2006) (citation omitted). The exigent-circumstances requirement is satisfied by "[t]he inherent mobility of motor vehicles." *Storm*, 898 N.W.2d at 145 (citation omitted).

At the suppression hearing, a Waterloo police officer testified he "received a phone call from an informant" he had "known for about ten years advising [a] red Charger" was traveling down a road "and the occupant of the vehicle was in possession of a quantity of methamphetamine." The informant told the officer "the methamphetamine would be in a . . . can with a hidden compartment in it, either the top or the bottom screwed off." The officer testified the informant previously gave information that led to arrests or the issuance of search warrants.

On our de novo review, we agree with the district court that these facts afforded the officer probable cause to search the vehicle. *See Hoskins*, 711 N.W.2d at 727 (noting that a reliable confidential informant provided first-hand information). The information was detailed, and the source was reliable. The officer verified the location of the red Charger on the roadway. *Id.* (noting officers corroborated portions of the informant's disclosure). He determined the vehicle was "going faster than the speed limit" and stopped it on that basis. *See id.* at 726 ("[I]t is well-settled law that a traffic violation, no matter how minor, gives a police officer probable cause to stop the motorist."). Following the stop, he proceeded to search Brumfield and the vehicle. Although he cited Brumfield's consent as a basis for the search, he agreed the confidential informant's specific information, which had "always been reliable," afforded him independent grounds for the search.

While not relevant to the probable-cause determination, it is worth noting that the officer uncovered the methamphetamine precisely where the informant said it would be. Specifically, as the officer was "searching the trunk," he "lifted up the cover for the spare tire and there was [a] WD-40 can lying where the spare tire should be." He "picked the can up [and] twisted both the top and bottom. The

bottom of the can unscrewed to reveal a secret compartment within the can." He "located plastic baggies," which contained a substance that in his "experience, looked like methamphetamine."

With probable cause for the search as well as exigent circumstances based on the inherent mobility of the vehicle, we conclude the automobile exception to the warrant requirement applied to the facts of the case. Because the officer could search the vehicle without a warrant pursuant to the exception, there was no reasonable probability the district court would have granted Brumfield's suppression motion had he challenged the voluntariness of his consent. As the district court concluded, Brumfield was not prejudiced by the breach.

We affirm the postconviction court's denial of Brumfield's ineffective-assistance-of-counsel claim and the denial of his postconviction-relief application.

**AFFIRMED.**